UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BERL WATTERS,

    Plaintiff,

v.

COMMISSIONER of Social Security,

    Defendant.

Case No. 3:11-cv-00577-HA

ORDER

HAGGERTY, District Judge:

On May 2, 2010, this court entered a Judgment remanding this matter to the Commissioner for further proceedings based on the stipulation of the parties. Following the remand, plaintiff was awarded benefits.

1 -- ORDER

Plaintiff's counsel now moves for a fee award of $17,025.10 pursuant to 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel was previously awarded $3,855.66 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Any amount awarded now would be awarded after subtracting the EAJA award. The total requested fee of $17,025.10 constitutes twenty-five percent of plaintiff's retroactive benefits. Although defendant does not object to the proposed award, this court performs an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Unopposed Motion for Attorney Fees [25] is granted in part.

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Pursuant to the statutory guidance, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limits.

The fee award currently sought by counsel represents twenty-five percent of plaintiff's total award of past-due benefits. The requested contingent fee award for plaintiff's counsel, however, is neither automatic nor presumed. *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). This court may reject a contingent fee agreement that fails to "yield reasonable results" in a particular case. *Gisbecht*, 535 U.S. at 807. Counsel therefore must establish that the requested award is reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

This court may reduce a contingent fee in cases in which the attorney provided

2 -- ORDER

substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation, the results obtained, or any delay. Plaintiff's counsel presented sound arguments in his opening brief that resulted in a stipulated remand for further proceedings and an eventual award of benefits for his client. Plaintiff's counsel sought, and was granted, one sixty-day extension of time in which to file the opening brief. Though this delay caused some additional past due benefits to accrue, the court does not find a reduction is in order for this short delay. Accordingly, a reduction of counsel's fee request is unwarranted under these three factors.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has also recently explained that this court may evaluate the complexity and risks of the *specific* case at issue when assessing the reasonableness of a fee request. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10-35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting *Crawford*, 586 F.3d at 1153). This court does not provide an in depth review of the general risks

3 -- ORDER

of Social Security cases, because the general risks in all Social Security cases are the same. It is those general risks, combined with the specific risks in a difficult and time consuming case, that allow this court to award attorney fees of twenty-five percent. However, the general risks of Social Security representation alone do not warrant large fee awards.

In this court's estimation, despite counsel's assertion to the contrary, this case was less risky than the average Social Security case. Additionally, the issues presented were in no way difficult, complex, or novel questions of law or fact. It was a relatively simple and straightforward case dealing with the sorts of issues (improper rejection of physician's opinions, treatment of plaintiff's testimony, etc . . .) that are commonplace in this type of litigation.

Plaintiff's counsel, and his associate, worked 21.10 hours on this case. In support of his requested a fee award, counsel compares his requested fee award with the Portland area's average billing rate for non-contingent cases and his own billing rate for non-contingent cases and then applies a number of multipliers in order to account for the general risks of contingent fee Social Security litigation. While this court is not persuaded that the multipliers used are necessarily appropriate, this analysis is useful in helping this court assess the reasonableness of the fee requested in light of the work performed in this particular case. *Gisbrecht*, 535 U.S. at 808.

Here, the court concludes that the requested fee is unreasonable because "the benefits are large in comparison to the amount of time counsel spent on the case [and] a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. Additionally, this case was less risky than the typical case and was not complex or unusual. While giving primacy to the contingent fee agreement, this court concludes that a reasonable fee in this case would constitute twenty-two percent of the retroactive awards.

4 -- ORDER

## CONCLUSION

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [25] is granted in part. Counsel is entitled to $14,982.09 in § 406(b) fees, representing twenty-two percent of the disabled plaintiff's retroactive benefits recovery. After subtracting the $3,855.66 EAJA fee award previously granted to counsel, the final fee award is $11,126.43. *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 3 day of April, 2013

Ancer L. Haggerty
United States District Judge